## VON GERHARD a. LIGHTE.

*New York Common Pleas; General Term, July*, 1861.

### LIABILITY OF BAIL.

Bail are not exonerated absolutely by a judgment in favor of their principal; if that judgment is set aside, and the plaintiff allowed to proceed in the action, their liability revives.*

An agreement by a creditor, not under seal, to accept less than the full amount due, in discharge of his claim, is void.

An agreement so made between an arrested debtor and his creditor, does not exonerate the bail of the former.

Appeal from a judgment.

This action was brought upon an undertaking of bail in a civil action, entered into by the defendants on behalf of one

---

* In HILLS a. LEWIS (*N. Y. Common Pleas; Special Term, May*, 1861), it was held that an application for a *supersedeas* cannot be granted under 2 Rev. Stat., 556., § 37, on the ground that the plaintiff had neglected for three months to charge the defendant in execution, unless the bail have been exonerated. When the moving papers on an application for a *supersedeas* in such case do not show that the bail have been exonerated, the plaintiff's allegation that no notice of surrender was ever given to him, is in effect a denial that defendant has been exonerated.

BRADY, J.—If a defendant be surrendered by his bail after a judgment against him, and such bail shall be exonerated, the plaintiff shall charge such defendant in execution within three months after such surrender, or, if an execution against the defendant's property shall have been issued, within three months after the return-day of such execution. (2 *Rev. Stat.*, 556, § 36.) In this case, the judgment was entered on the 1st of October, 1860. An execution against the property of the defendant was issued on the 29th of December, 1860, and returned on or about the 1st of March, 1861. The defendant was surrendered by his bail on the 13th of December, 1860, and before any execution was issued. It would have become the duty of the plaintiff to charge the defendant in execution, therefore, within three months after the surrender, if the bail had been exonerated, of which there is no proof, and which is in effect denied by the plaintiff's allegations that no written notice of the defendant's surrender was ever given him. It is required by the statute (*supra*) that the defendant should be surrendered, but that the bail should be exonerated after the surrender, which can be done only on notice to the plaintiff of eight days. (*Code*, § 188.)

Walscheid. The defence set up that judgment was rendered in favor of Walscheid by default, and that, though the default was opened, and judgment finally rendered against him, he had meanwhile left the State. Also, that the plaintiff had, by a writing not under seal, made in Prussia, agreed with Walscheid, in consideration of the payment of $500, to discharge him from the judgment, which amounted to $2,260. These facts were proved, but the referee held that they constituted no defence, and gave judgment for the plaintiff for $1,741. The defendants appealed.

*Philip F. Smith*, for the appellants.

*C. A. May*, for the respondent.—I. The interlocutory judgment, dismissing the complaint in the original action wherein Walscheid was the defendant, was not such a judgment as would discharge the bail from liability. 1. The judgment was entered without notice, costs being waived, so that plaintiff had no knowledge of the dismissal in writing. 2. The liability of the bail is, that " the defendant shall at all times render himself amenable to the process of said court during the pending of this action." The action could not cease to pend until the right to appeal or move in the cause was lost. There was no notice of the entry of judgment served on plaintiff. 3. The defendant Walscheid appeared again in the original action, and opposed the motion to open the default and set aside the judgment, thus recognizing the " pending" of the action. 4. The only mode to discharge the bail, was to move for their exoneration. (Gregory *a*. Levy, 7 *How. Pr.*, 37.)

II. The parol release or receipt as set forth in the answer, and as proved before the referee, was insufficient to discharge a debt of record, to wit, the judgment recovered against Walscheid as

---

· There is no allegation, in the papers submitted on the part of the defendant, that the bail were exonerated, and the plaintiff denies any written notice of the surrender. The defendant's case not being within the statute, the plaintiff was not bound to issue an execution against the defendant's person. The object in requiring an application for the *exoneretur* is to advise the plaintiff of the surrender, that he may protect his rights, and in order that, the defendant's imprisonment being known, he may have the benefit of the statute under which this motion is made.

The application must, for these reasons, be denied, but without costs, and with liberty to the defendant to renew the motion on further facts, if so advised.

Von Gerhard *a.* Lighte.

alleged in the complaint. 1. A debt of record can only be discharged as required by statute or by release by deed. (Harrison *a.* Close, 2 *Johns.*, 449, 450; Jackson *a.* Stackhouse, 1 *Cow.*, 122.) After breach of the covenant of the bond, defendants could only be discharged by release, by deed expressly referring to the judgment. (Crawford *a.* Millspaugh, 13 *Johns.*, 87.) 2. The payment of a less sum than the judgment (as in the present case) is not an actual satisfaction, unless expressly received as such by deed. (9 *Ib.*, 333; 13 *Ib.*, 353.) Accord and satisfaction will not discharge a specialty or a debt of record. (Mitchell *a.* Hawley, 4 *Den.*, 414.)

By THE COURT.—BRADY, J.—The undertaking of the defendants was, that their principal, William Walscheid, should at all times render himself amenable to the process of this court during the pending of the action brought against him by the plaintiff; and Walscheid not having rendered himself amenable to such process, they became liable upon their undertaking. The judgment rendered against the plaintiff by default did not terminate the action *per se*, because this court had the power to vacate the judgment and to allow the action to proceed, and exercised that power upon the application of the plaintiff. When the authority thus possessed was exercised, the action was renewed or continued, and was pending with like effect, as if no judgment had been recovered. If the defendants desired to avail themselves of that incident of the litigation, they should have applied to be exonerated from further liability. There was no other mode, save by surrender of their principal, in which they could, upon such a circumstance, relieve themselves of their obligation. The Code (section 191) declares by what events the bail may be discharged. The only one applicable to this case is the legal discharge of the principal from the obligation to render himself amenable to the process that may be issued against him. Such a discharge has not been obtained in this case. The power of the court over the litigation and parties must be exhausted, and the principal must be successful in the action by final judgment, before the liability of the bail ceases. Until those features attend the proceedings, the principal cannot be legally discharged from the obligation to render himself amenable to the process of the court.

This being the case, the judgment obtained against the plaintiff was of no avail.

The agreement made in Berlin, to release the defendant Walscheid upon the payment of $500, was without consideration, and, being an agreement to accept less than the judgment, was void. (2 *Parsons on Contracts*, 130, and cases cited; Dederick *a.* Leman, 9 *Johns.*, 333; see also Crawford *a.* Nulspaugh, 13 *Ib.*, 87.)

It was not valid as a defence to the defendants. There was no stipulation or agreement not to proceed in the cause or upon the judgment contained in that paper, and even if there had been there was no consideration for such a promise, and it would not be binding.

But it is sufficient, to dispose of this appeal, that the agreement to accept the $500 was not binding upon the plaintiff. An agreement founded upon a valid consideration extending indulgence to the principal, or changing the situation of the bail, and increasing their risk, would exonerate them. (Rathbone *a.* Warren, 10 *Johns.*, 597; Huffman *a.* Hulbert, 13 *Wend.*, 378.)

In this case the agreement was without consideration, and made abroad—out of the jurisdiction of this court. It did not change the relations of the principal and the bail, and did not increase their risk.

The judgment should be affirmed.